REVISED MAY 4, 2022

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2022

Lyle W. Cayce
Clerk

No. 18-40460

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAVIER SEGOVIA-LOPEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC 5:17-CR-895-1

ON REMAND FROM

THE SUPREME COURT OF THE UNITED STATES

Before DAVIS, SMITH, and HIGGINSON, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 18-40460

This sentencing appeal returns to us on remand from the Supreme Court after it issued its opinion in *Borden v. United States*, 141 S. Ct. 1817, 1834 (2021), wherein the Court held that offenses requiring only proof of reckless causation of injury do not qualify as violent felonies under the "force clause" of the Armed Career Criminal Act ("ACCA"). Defendant Javier Segovia-Lopez asserts, and the Government agrees, that in light of *Borden*, Segovia-Lopez's prior conviction for aggravated assault under Texas Penal Code §§ 22.01(a)(1)-(3) does not qualify an "aggravated felony" for purposes of the enhanced penalty provision of 8 U.S.C. 1326(b)(2). In our recent decision in *United States v. Gomez Gomez*, --- F.4th ---, 2022 WL 152160, *2 (5th Cir. Jan. 18, 2022), we addressed this specific issue and held that this offense is not an aggravated felony under *Borden* because it includes three indivisible mental states, one of which is recklessness. Therefore, because Segovia-Lopez's prior conviction for aggravated assault under Texas Penal Code §§ 22.01(a)(1)-(3) does not qualify as an aggravated felony, his sentence should not have been enhanced pursuant to § 1326(b)(2) .

Accordingly, we AFFIRM the judgment of conviction under 8 U.S.C. § 1326 but REMAND with instructions to the district court to enter a corrected judgment of conviction which does not refer to § 1326(b)(2).